UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12-cr-123 |
| v. | ) | |
| | ) | Judge Mattice/Steger |
| RAPHAEL AR-RAHMAAN | ) | |
| | ) | |

## MEMORANDUM AND ORDER

RAPHAEL AR-RAHMAAN ("Defendant") came before the Court for an initial appearance on April 12, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Erin Rust of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing; however, he requested a detention hearing.

The detention hearing took place on April 13, 2017. Defendant was represented by Erin Rust. The government was represented by Chris Poole. The government called United States Probation Officer Danny Haimelin as witness. Officer Haimelin was sworn in, and testified to the facts contained in the Petition. More specifically, he testified that Defendant had violated his conditions of supervision by illegally possessing and using a controlled substance; purchasing and possessing a narcotic or controlled substance not prescribed by a physician; and failing to participate in a program of testing and/or treatment for drug abuse as directed by the probation

1

officer. More specifically, Officer Haimelin testified that Defendant continued to use marijuana regularly during his period of supervised release, he refused treatment for his marijuana habit; and he took measures to mask his drug test results. Ms. Rust was given an opportunity to proffer evidence on behalf of Defendant. Counsel for both parties were given an opportunity to argue for and against detention.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release. After considering all of the evidence presented, the undersigned finds that Defendant has carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. The undersigned, however, specifically ordered Defendant <u>not</u> to use marijuana during his remaining period of supervised release, and advised Defendant that non-compliance with this order would presumptively establish that Defendant is unable to abide by the Court's orders and would result in his being detained in custody on the basis that he is a flight risk and a danger to the community. Consequently, the Court **DENIED** the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court, and released Defendant on an Order Setting Conditions of Release [Doc. 31].

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Mattice a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender under Supervision, they shall request a hearing before United States District Judge Mattice.

3. The government's motion that Defendant be DETAINED WITHOUT BAIL pending further Order of this Court is **DENIED**.

**ENTER.**

s/*Christopher H. Steger*
United States Magistrate Judge